IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DARREN BINES**

    Petitioner,

vs.                                             Case No. 4:13cv492-WS/CAS

**MICHAEL CREWS, Secretary**
of Florida Department of Corrections,

    Respondent.
_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITON AS UNTIMELY

      On August 26, 2013, Petitioner Darren Bines, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner challenges convictions and sentences imposed by the Second Judicial Circuit Court, Leon County, on April 8, 2010, following a jury trial and guilty verdict on charges of first degree murder and aggravated child abuse. *Id.* On February 27, 2014, Respondent filed a motion to dismiss the § 2254 petition as untimely with exhibits. Docs. 6 and 10. On March 14, 2014, Petitioner filed a reply to that motion. Doc. 11.

      The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local

Rule 72.2(B).  The pleadings and attachments before the Court show that the petition is untimely and should be dismissed.  *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural History

By indictment filed in September 2008, the State of Florida charged Petitioner with two counts: (1) first degree murder, a capital felony, in violation of section 782.04(1)(a)1., Florida Statutes; and (2) aggravated child abuse, a first degree felony, in violation of sections 784.045 and 827.03(2)(a), Florida Statutes, in connection with the events that took place on February 14, 2008. Doc. 10 Ex. A.  On April 5, 2010, Petitioner proceeded to a jury trial in Leon County Circuit Court, and the jury found him guilty as charged on both counts.  *See id.* Exs. B (transcript of jury trial), C (verdict).  On April 8, 2010, the circuit court adjudicated Petitioner guilty and sentenced him to life in prison on the first count, and 30 years in prison on the second count. *Id.*  Ex. D.

On April 29, 2010, Petitioner, through counsel, appealed his judgment and sentence to the First District Court of Appeal (DCA), assigned case number 1D10-2296. *See id.* Exs. E (initial brief), F (answer brief), online docket for 1D10-2296 at www.1dca.org.  On May 10, 2011, the First DCA affirmed per curiam, without a written decision, the judgment and sentence. *Id.* Ex. G; Bines v. State, 60 So. 3d 105 (Fla. 1st DCA 2011) (table).

On August 20, 2012, Petitioner filed a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), in the state trial court, asserting that he was entitled to additional days of credit for jail time served.  Doc. 10 Ex. H.  The trial

court denied this motion on February 7, 2013. *Id.* Ex. I. Petitioner appealed the order to the First DCA, assigned case number 1D13-1189, and no briefs were filed. *See* online docket for 1D13-1189 at www.1dca.org. On May 22, 2013, the First DCA affirmed per curiam, without a written decision, the order denying the Rule 3.800 motion. Doc. 10 Ex. J; Bines v. State, 113 So. 3d 838 (Fla. 1st DCA 2013) (table). The mandate issued June 18, 2013. Doc. 10 Ex. K.

On May 8, 2013, Petitioner filed a petition for writ of habeas corpus in the First DCA alleging ineffective assistance of appellate counsel, assigned case number 1D13-2337. Doc. 10 Ex. L. On July 30, 2013, the First DCA denied the petition on the merits. *Id.* Ex. M; Bines v. State, 118 So. 3d 286 (Fla. 1st DCA 2013); *see* online docket for 1D13-2337 at www.1dca.org.

As indicated above, Petitioner filed his initial § 2254 petition in this Court on August 26, 2013. Doc. 1. Respondent has filed a motion to dismiss the petition as untimely. Doc. 9. Petitioner filed a reply. Doc. 11.

## Analysis

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), there is a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Later dates which may commence the period are the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the constitutional right asserted was recognized by the U.S. Supreme Court and made retroactive on collateral review; and the date on which the factual

predicate for the claim could have been discovered with due diligence. *Id.* § 2244(d)(1)(B)-(D). The period is tolled for the time during which a "properly filed" application for relief is pending in state court. *Id.* § 2244(d)(2).[1]

As Respondent correctly argues in the motion to dismiss, this § 2254 petition is untimely. Petitioner's conviction became final on August 8, 2011, when the ninety-day period to seek review in the U.S. Supreme Court expired following the First DCA's decision in his direct appeal. Doc. 9 at 4; Bines v. State, 113 So. 3d 838 (Fla. 1st DCA 2013). The Petitioner then had one year, until August 8, 2012, to file a timely § 2254 petition. Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000). The Petitioner did not file anything until August 20, 2012, when he filed his state Rule 3.800 post-conviction motion, 12 days after the one-year AEDPA limitations period expired. Doc. 9 at 4; Doc. 10 Ex. H. At this point, because the AEDPA limitations period had already expired, anything petitioner filed thereafter could not toll that period. *See, e.g.*, Tinker v. Moore, 255 F. 3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."); Webster, 199 F.3d at 1259 ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition...that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.")

---

[1] The time may also be equitably tolled in rare cases and "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F. 3d 698, 702 (11th Cir. 2004).

Case No. 4:13cv492-WS/CAS

In his reply, Petitioner asserts his appeal was final on May 26, 2011, the date of the First DCA's mandate. Doc. 11 at 1. Indeed, under Florida law, a judgment becomes final upon issuance of the mandate on direct appeal. *See* Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001). As Respondent states in the motion to dismiss, however, under federal law, the judgment becomes final for habeas purposes upon expiration of the 90-day time period in which a defendant may seek direct review of his conviction in the United States Supreme Court, regardless of whether such review is actually sought. Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002) (holding that judgment and conviction becomes final within meaning of § 2255 as follows: (1) if prisoner files timely petition for writ of certiorari, judgment becomes final on date on which Supreme Court issues decision on merits or denies certiorari, or (2) judgment becomes final on date on which defendant's time for filing such petition expires). The 90-day period runs not from the date the mandate issues, but from the earlier date when the opinion issues. Sup. Ct. R. 13(3). Therefore, in this case, as explained above, Petitioner's conviction became final on August 8, 2011, and he had one year thereafter to file his § 2254 petition unless he had, during that time, a "properly filed" application for relief pending in state court. Petitioner did not file anything within this one-year period and has not made allegations sufficient to overcome the time bar to his federal habeas petition.

## **Conclusion**

Because the § 2254 petition is untimely, Respondent's motion to dismiss (Doc. 9) should be granted. The § 2254 petition (Doc. 1) should be dismissed.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). [2]  Therefore, the Court should deny a certificate of appealability in its final order.  Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith.  See Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The Second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Petitioner shall make any arguments as to whether a certificate should issue by filing objection to this report and recommendation.

---

[2] As dismissal of the petition is recommended solely on the procedural basis of timeliness, Petitioner must show "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Case No. 4:13cv492-WS/CAS

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (Doc. 9) be **GRANTED**, the § 2254 petition for writ of habeas corpus (Doc. 1) be **DISMISSED AS UNTIMELY**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on May 27, 2014.

s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**